BRICKILL et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Circuit Court, S. D. New York. April 4, 1893.)

1. EQUITY—MASTER'S FEES—PRACTICE.
   A master's fee on adjournment of a hearing should be paid by the party asking the adjournment, and it is the better practice to pay such fee when the adjournment is had.

2. SAME.
   On a hearing before a master, each party should pay, in the first instance, the costs, charges, expenses, stenographer's fees, and master's fees for taking its own direct, redirect, cross, or recross examination of any witness or witnesses; but on final decree the sum so paid by the prevailing party may be imposed on the defeated party.

In Equity. Suit by William Brickill and others against the mayor, etc., of the city of New York. On a question as to payment of master's fees and other costs.

Raphael J. Moses, Jr., for complainants.
Betts, Alterbury, Hyde & Betts, for defendant.

(Circuit Court, S. D. New York. April 17, 1893.)

1. EQUITY—HEARING BEFORE MASTER—EXPENSE OF TAKING TESTIMONY.
   At a hearing before a master the party who calls a witness must pay the expense of taking the direct and redirect examination of such witness, but his adversary must pay the expense of taking the cross and recross examination.

2. SAME—MASTER'S FEES.
   Where a session is taken up entirely with taking testimony, the expense of taking which is to be borne by one party, the master's fees for that session must be paid by such party.

3. SAME.
   Where a session is taken up with taking testimony, for a part of which one party is to pay, and for the remainder of which the other party is to pay, the master's fee for the session is properly chargeable, in equal shares, to both parties, irrespective of the proportionate amount of time consumed by them. Sessions consumed in whole or in part by argument may be settled for in the same way.

4. SAME.
 Time consumed in the consideration and decision of questions involved, and in preparing the report, are chargeable, in equal shares, to both parties.

, In Equity. Suit by William Brickill and others against the mayor, etc., of the city of New York. On a question as to master's fees, and other costs. See 55 Fed. Rep. 565.

Raphael J. Moses, Jr., for complainants.
Betts, Alterbury, Hyde & Betts, for defendant.

LACOMBE, Circuit Judge. I have signed the order submitted by defendant because it recited that the master's fees, calculated according to the rule before designated, amounted to the sums named. As counsel now state there is some error in the calculation, I shall hold the order till these amounts are corrected. The complainant entirely misapprehends my former memorandum. When a party calls a witness, he is to pay the expenses of taking direct and redirect examination of that witness. His adversary is to pay the expenses of taking the cross and recross of the same witness. As to apportioning master's fees: When a session is taken up entirely with taking testimony, the expenses of taking which one side is to bear, the master's fees for that session are to be paid by that side. If, however, the session is taken up partly with taking testimony which one side is to pay for, and partly with taking testimony which the other side is to pay for, the master's fee for that session is properly chargeable, in equal shares, to both, irrespective of the proportionate amount of time consumed by both. Sessions consumed in whole or in part by argument may be settled for in the same way. Time consumed in consideration and decision of the questions involved, and in preparing the report, is chargeable, in equal shares, to both parties.

If there is any difficulty about making the calculation in this case, the order may stand as signed, since both parties seem to agree that the apportionment is equitable.